1

2

3

4

5

6

7

8                 IN THE UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CHADERICK A. INGRAM,

11          Plaintiff,                    No. CIV 2:12-cv-1978-KJM-JFM (PS)

12      vs.

13   CITY OF SACRAMENTO, *et al.*,        ORDER AND

14          Defendants.                   FINDINGS & RECOMMENDATIONS

15   _____/

16          Plaintiff is proceeding in this action pro se.   Plaintiff seeks relief pursuant to and

17   has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This

18   proceeding was referred to this court by Local Rule 72-302(c)(21).

19          Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is

20   unable to prepay fees and costs or give security for them.  Accordingly, the request to proceed in

21   forma pauperis will be granted.  28 U.S.C. § 1915(a).

22          The federal in forma pauperis statute authorizes federal courts to dismiss a case if

23   the action is legally "frivolous or malicious," fails to state a claim upon which relief may be

24   granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C.

25   § 1915(e)(2).

26   /////

1

DISCUSSION

1.      Legal Incompetence

        In this action, which was filed on July 30, 2012, plaintiff declares he is "a documented mentally disabled recipient."  Compl. at 1.  In search of this documentation, the court has examined its docket and takes judicial notice of the proceedings in United States of America v. Ingram, 2:10-cr-0014 MCE (E.D. Cal.).  In that criminal proceedings, plaintiff herein was declared legally incompetent and unrestorable based on mental health issues.  See case no. 2:10-cr-0014 MCE, Doc. Nos. 32, 39-40.

        In this action, plaintiff is neither represented by counsel nor has a guardian ad litem been appointed.  Pursuant to Federal Rule of Civil Procedure 17(c), an incompetent person must proceed either through a guardian or like fiduciary for his or her own "protect[ion]." Thus, plaintiff's continuation of this action without any form of representation is improper.

2.      Failure to State a Claim

        The court further finds that plaintiff has failed to state a claim.  A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

        Here, plaintiff's complaint is premised on allegations that the defendants, which include the City of Sacramento, the United States District Court for the Eastern District of California, and Magistrate Judge Carolyn Delaney, discriminated against plaintiff and violated

1  his constitutional rights when they denied his application to proceed in forma pauperis and his

2  motion to appoint counsel in an unspecified case filed in this district.  Plaintiff also makes a

3  number of incomprehensible claims against these same defendants.  The court finds no

4  constitutional violation on the facts alleged.

5          Moreover, plaintiff's claim against Magistrate Judge Carolyn Delaney fails as a

6  matter of law because judges are entitled to absolute immunity for acts within their judicial

7  capacity.  Mireles v. Waco, 502 U.S. 9 (1991) (per curiam) ("[G]enerally, a judge is immune

8  from a suit for money damages."); Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir.

9  1999) ( "It is well settled that judges are generally immune from civil liability under section

10  1983."); Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988).  This is an immunity from

11  suit, "not just from ultimate assessment of damages."  Mireles, 502 U.S. at 11.  "Although

12  unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the

13  highest importance to the proper administration of justice that a judicial officer, in exercising the

14  authority vested in him, shall be free to act upon his own convictions, without apprehension of

15  personal consequences to himself.'"  Mireles, 502 U.S. at 10 (citation omitted); Meek, 183 F.3d

16  at 965 ("The rationale for granting judges immunity from liability for even intentional and

17  malicious conduct while acting in their judicial capacity is that judges should be free to make

18  controversial decisions and act upon their convictions without fear of personal liability.").  The

19  actions plaintiff complains of were taken in the course of defendant Judge Delaney's official

20  judicial duties.  As such, plaintiff may not maintain an action as to her.  Furthermore, "judicial

21  immunity is not overcome by allegations of bad faith or malice."  Mireles, 502 U.S. at 11.  Thus,

22  any allegations of malice are inapposite.  Finally, in only two circumstances is a judge is not

23  immune from liability: (1) for nonjudicial actions; and (2) for actions, though judicial in nature,

24  taken in complete absence of all jurisdiction.  Id. at 11–12; Schucker, 846 F.2d at 1204.  Neither

25  of these circumstances is present here.

26  /////

1    Next, plaintiff's claims against the United States District Court Eastern District of

2    California and the City of Sacramento fail for failure to allege any allegations as to them.

3    Plaintiff's complaint will therefore be dismissed.  Because plaintiff can prove no

4    set of facts in support of the claim or claims that would entitle him to relief, the court determines

5    that amendment would be futile.  Gardner v. Martino, 563 F.3d 981, 990 (9th Cir. 2009).

6    Accordingly, the court will recommend that dismissal be without leave to amend.

7    3.    Motion to Appoint Counsel

8    In his complaint, plaintiff also requests the appointment of counsel.  "[T]he

9    appointment of counsel in a civil case is ... a privilege and not a right."  Gardner v. Madden, 352

10   F.2d 792, 793 (9th Cir. 1965); see also Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009)

11   (stating that "[g]enerally a person has no right to counsel in civil actions").  The court "may

12   under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28

13   U.S.C. § 1915(e)(1)."  Palmer, 560 F.3d at 970 (citation omitted).  To determine whether

14   "exceptional circumstances" are present, the "court must evaluate the likelihood of success on

15   the merits as well as the ability of the petitioner to articulate his claims pro se in light of the

16   complexity of the legal issues involved."  Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

17   For the reasons previously stated, the court concludes that plaintiff has not

18   demonstrated a likelihood of success on the merits or that this failure is due to either his

19   difficulty articulating claims as a pro se litigant or the complexity of the legal issues involved.

20   Accordingly, this request will be denied.

21   Based on the foregoing, IT IS HEREBY ORDERED that plaintiff's request to

22   proceed in forma pauperis is granted; and

23   IT IS HEREBY RECOMMENDED that this action be dismissed.

24   These findings and recommendations are submitted to the United States District

25   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen

26   days after being served with these findings and recommendations, any party may file written

4

1  objections with the court and serve a copy on all parties.  Such a document should be captioned

2  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

3  within the specified time may waive the right to appeal the District Court's order.  Turner v.

4  Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

5  DATED: September 27, 2012.

6

7                                        UNITED STATES MAGISTRATE JUDGE

8

9  /014;ingr1978.dismiss.ifp